UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOSE F.S. SIMOY,<br><br>　　　　Petitioner,<br>　　v.<br>NANCY T. McKINNEY,<br>　　　　Respondent. | No. 5:22-cv-02211-KK-BFM<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable Kenly Kiya Kato, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, the Magistrate Judge recommends that the action be dismissed without prejudice for failure to prosecute and to follow court orders.

# I.

# BACKGROUND

Petitioner Jose F.S. Simoy, in pro se, filed a Petition for Writ of Habeas Corpus on December 14, 2022, challenging a 2021 decision of the United States Parole Commission denying him parole. (ECF 1.) After the matter was fully briefed, this Court reviewed the Petition and issued a Report and Recommendation on February 20, 2024, recommending the Petition be dismissed without prejudice as moot. (ECF 48.) The Court recommended that leave to amend be granted.

On July 8, 2024, the Court issued an Order accepting the Report and Recommendation and dismissed the Petition with leave to amend. (ECF 51.) The Court instructed Petitioner to file amended Petition within 30 days of the Court's Order, and warned him that failure to timely file an amended Petition would result in the action being dismissed without prejudice for failure to prosecute and comply with Court orders. (ECF 51.)

As of the date of this Report and Recommendation, Petitioner has not filed a First Amended Complaint, and the time to do so has expired.

# II.

# DISCUSSION

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

1  In determining whether to dismiss this action due to Petitioner's failure
2  to prosecute or to comply with court orders, the Court must consider the
3  following five factors: "(1) the public's interest in expeditious resolution of
4  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
5  the defendants; (4) the public policy favoring disposition of cases on their
6  merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856
7  F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and quotation marks
8  omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to
9  prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

10  The first two factors—the public's interest in expeditious resolution of
11  litigation and the Court's need to manage its docket—weigh in favor of
12  dismissal. Petitioner's failure to file an amended Petition hinders the Court's
13  ability to move this case toward disposition and indicates that Petitioner does
14  not intend to litigate this action diligently.

15  The third factor—prejudice to Respondent—also weighs in favor of
16  dismissal. A rebuttable presumption of prejudice to respondents arises when a
17  petitioner unreasonably delays prosecution of an action. *Eisen*, 31 F.3d at 1452-
18  53. Nothing suggests that such a presumption is unwarranted in this case.

19  The fourth factor—public policy in favor of deciding cases on their
20  merits—weighs against dismissal. At the same time, it is Petitioner's
21  responsibility to move his case toward a disposition at a reasonable pace and to
22  avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d
23  648, 652 (9th Cir. 1991). By failing to file an amended Petition as ordered by the
24  Court, Petitioner has not discharged this responsibility. In these circumstances,
25  the public policy favoring resolution of disputes on the merits does not outweigh
26  Petitioner's failure to comply with court orders.

27  The fifth factor—availability of less drastic sanctions—weighs in favor of
28

dismissal. The Court attempted to avoid dismissal when it issued its July 8, 2024, Order, giving Petitioner an opportunity to amend his Petition. Nonetheless, as of the date of this Report and Recommendation, Petitioner has failed to file an amended Petition as required by the Court's July 8, 2024, Order, or otherwise respond to that Order.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders is appropriate. Such a dismissal, however, should not be entered unless Petitioner has been notified that dismissal is imminent. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, Petitioner was cautioned about the possibility of dismissal in the Court's July 8, 2024, Order, and will be afforded further notice by service of this Report and Recommendation.

### III.
### RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) approving and accepting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action without prejudice for failure to prosecute and to follow court orders.

DATED: September 18, 2024

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the United States Court of Appeals for the Ninth Circuit, but may be subject to the right of any party to file objections as provided in the Local Civil Rules for the United States District Court for the Central District of California and review by the United States District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until the District Court enters judgment.